UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CR-20217-DAMIAN/Elfenbein

UNITED STATES OF AMERICA,

v.

JOSE LUIS PINEDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendant Jose Luis Pineda, ECF No. [100]. Based upon the change of plea hearing conducted on September 27, 2024, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. I advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant pled guilty to Count 1 of the Indictment, which charges him with conspiracy to encourage and induce aliens to enter the United States and to bring aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); Count 2, which charges him with encouraging and inducing aliens to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv); and Count 31, which charges him with bringing aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(i). I advised Defendant that the maximum penalty the Court could impose for each count is 10 years' imprisonment, followed by a term of supervised release of 3 years, and a fine of up to $250,000. In addition to the foregoing, I informed the Defendant that the Court will assess a mandatory special assessment of $300.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of forfeiture and the potential for immigration consequences, including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial, memorialized in a written Factual Proffer, and supplemented orally at the hearing. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the Factual Proffer had been translated into Spanish before he signed it, and that the facts proffered by the Government at the hearing were accurate. Defense counsel also agreed with the facts proffered by the Government at the hearing and agreed that the proffer satisfied all elements of the crime charged.

5. The Parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement, which was translated into Spanish, with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery

with counsel.

6. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea,[1] that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

7. Therefore, the undersigned **RECOMMENDS** that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1, 2 and 31 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing will be set by separate order.

The Parties will have **FOURTEEN (14) CALENDAR DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

---

[1] The undersigned has also reviewed the Honorable Alicia O. Valle's Report and Recommendation recommending that the Defendant be found competent to stand trial, ECF No. [93], and this Court's Order Adopting the Report and Recommendation and finding that "Defendant Jose Luis Pineda is competent to stand trial," ECF No. [94].

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on September 27, 2024.

                                              */s/ Marty Elfenbein*
                                              **MARTY FULGUEIRA ELFENBEIN**
                                              **UNITED STATES MAGISTRATE JUDGE**

cc:     The Honorable Melissa Damian
        Counsel of record